CLARK, J.,
dissenting.
Iiln Louisiana State Bar Ass’n v. Lon-geneclcer, 538 So.2d 156, 163 (La.1988), as quoted by the majority, we said that an attorney’s substance abuse may be considered in mitigation. I agree with the disciplinary board that respondent’s chemical dependency is not a mitigating factor in this case. Respondent continues to use drugs for her Crohn’s disease, she has not completed a drug rehabilitation program, and as long as she continues to use controlled substances regularly, her recovery cannot be monitored by the LAP.
Respondent not only used illicit drugs, she sold them, and she stole from her brother and father. She committed twenty acts of forgery. Respondent’s repre *1024 hensible conduct calls for a baseline sanction of disbarment. How can this Court claim to be maintaining high standards of conduct, protecting the public, preserving the integrity of the profession, and deterring future misconduct, if it allows a drug dealer and thief to remain a member of the bar?
Believing that disbarment is the appropriate sanction, I dissent.